■ DALLEK, INC., Respondent, v 83 SPRING STREET CORP. et al., Appellants.—Order, Supreme Court, New York County, entered on June 26, 1979, denying defendants-appellants' motion to dismiss the complaint, unanimously reversed, on the law, without costs and disbursements, and the motion granted dismissing the complaint. The facts are not in dispute. The corporate parties herein are family-owned, closely held corporations. Plaintiff is engaged in the retailing of office furniture and providing design services in connection therewith. Defendant corporation, whose sole shareholder is the individual defendant, is the warehouse for plaintiff on a rent free basis. In 1968, Herbert Schwartzberg, now deceased, and defendant Dallek were co-owners of the corporate parties. Early in that year the two principals executed multiple "buy-sell" agreements relating to the purchase of the stock of each respective company. The agreement for the stock of the corporate defendant provided for a fixed purchase price and included a clause which, in pertinent part, provided: "In the event of the death of either party, the debt on the books of Dallek, Inc. to 83 Spring St. Corp. of $19,750.00 or the remainder then still due shall be cancelled." More than one year later in October, 1969, the two co-owners executed a "Certificate of Stated Value", establishing the value of plaintiff's stock at $300,000. Schwartzberg died in August, 1971 and, pursuant to the agreements previously entered into, Dallek purchased from deceased's estate, at the mutually agreed upon price, all shares of both corporations. It is uncontroverted that the debt mentioned in the 1968 agreement was not canceled, but pursuant to defendant Dallek's directive was carried on the corporate books. Frederik and Neil Schwartzberg, sons of deceased co-owner, were employed by plaintiff for a number of years and in October, 1978, were, respectively, secretary and treasurer of the corporation. A family dispute had previously arisen concerning the ownership of the corporate plaintiff. This controversy culminated with the purchase of the corporate plaintiff by Frederik and Neil Schwartzberg for a reduced price of $325,000. However, approximately six weeks prior thereto defendant Dallek caused the sum of $21,500 to be paid by plaintiff to the corporate defendant in satisfaction of the previously mentioned debt memorialized in the 1968 agreement. In this court the present owners argue, through the plaintiff corporation, that this monetary transfer was fraudulently concealed thereby effectively diluting the purchased shares of plaintiff. These parties cannot now be heard to complain since at the time of this transfer they were officers of the corporation and admittedly cognizant of this transaction upon its occurrence. The purchase price of the corporation and all memoranda relating thereto reflect a knowing, intelligent purchase with no fraudulent underpinnings. The parties purchased the plaintiff corporation "as is" and knew full well that the agreed upon price was inclusive of the recently satisfied debt. Concur—Birns, J. P., Fein, Markewich, Lupiano and Ross, JJ.